RECEIVED
AUG 0 2 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

DIANE THOMAS, ET AL.

versus

BAYER CORPORATION, ET AL.

CIVIL ACTION NO. 01-1489
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by defendant Bayer Corporation ("Bayer") (Record Document 54). Based on the following, the motion for summary judgment is **GRANTED**.

### I. BACKGROUND

Plaintiff Diane Thomas ("Thomas") alleges that she suffered a stroke on April 14, 2000[1], as a result of her use of Alka-Seltzer Plus Cold & Sinus, Alka-Seltzer Plus Cold, and Alka-Seltzer Night Time Cold, all of which contain the ingredient Phenylpropanolamine ("PPA") and are manufactured by Bayer. See Record Document 1. Thomas contends that as a result she has suffered and continues to

---

[1] Despite the fact that Thomas's complaint states that her stroke occurred on April 14, 2000, there is evidence in the record to indicate that the stroke actually occurred on April 2, 2001. However, resolution of this point is not material to the outcome of the instant motion.

suffer "severe, permanent, and disabling" physical and emotional injuries. Record Document 1. She further alleges that her children have suffered a loss of consortium, loss of love and affection, and loss of services as a result of her injuries.

Thomas filed suit on behalf of herself and her minor children in state court, however, the matter was subsequently removed to the Federal District Court for the Western District of Louisiana. In December of 2001, the suit was transferred to the United States District Court for the Western District of Washington for pretrial consolidation and coordination as part of MDL 1407, but it was remanded to this court in November of 2004.[2] Bayer filed the instant motion for summary judgment on May 19, 2005. To date, no opposition to this motion has been filed.

## II. ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

---

[2] Thomas's claim originally named K & B Louisiana Corporation d/b/a Rite Aid Corporation as a defendant as well. However, by court order dated August 1, 2002, all claims against K & B Louisiana Corporation were dismissed with prejudice. See Record Document 52.

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an essential element of that party's case, and on which that party will bear the burden of proof at trial." Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Id. Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Armstrong v. City of Dallas, 997 F.2d 62, 67 (5th Cir. 1993).

**B.     The Motion For Summary Judgment Remains Unopposed.**

In its motion for summary judgment, Bayer requests that this court dismiss all of the plaintiffs' claims with prejudice. Thomas did not respond to the motion or otherwise raise a material fact issue as to any of the arguments in the motion.

Local Rule 7.5W requires a respondent opposing a motion to "file a response, including opposing affidavits, memorandum, and such supporting documents as are

then available, within 15 days of service of the motion." The plaintiffs have clearly failed to satisfy this requirement. Federal Rule of Civil Procedure 56 states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). As discussed below, the court finds it appropriate to enter summary judgment against the plaintiffs in this case.

Plaintiffs' claims against Bayer are based on the Louisiana Products Liability Act (the "LPLA"). See Record Document 1.[3] Under the LPLA a manufacturer of an unreasonably dangerous product is deemed liable "when the characteristic of that product, which renders it unreasonably dangerous, proximately causes the complained of injuries." Wheat v. Pfizer, Inc., 31 F.3d 340, 342 (5th Cir. 1994). In order to prevail on their cause of action, the plaintiffs must prove both that the product was defective, and that the plaintiffs' injuries were caused by that defect.

---

[3] The plaintiffs' complaint alleged other bases for recovery including negligence, fraud, misrepresentation, and breach of warranty against redhibitory defects. However the Federal District Court for the Western District of Washington dismissed all of plaintiffs' common-law products liability claims holding that they were incompatible with the LPLA. See Record Document 42 (Document 41 from the W.D. of Washington).

4

See Weber v. Fid. & Cas. Ins. Co. of N.Y., 250 So.2d 754, 755 (La. 1971). In the case at bar, despite more than adequate time for discovery, the plaintiffs have failed to make a showing sufficient to demonstrate cause. Bayer, on the other hand, has demonstrated the absence of a material fact as to causation.

Upon review of the documents in the record, including the experts from depositions of Thomas's three treating physicians, it is clear that there is no evidence of cause beyond the plaintiffs' conclusory allegations. The evidence that is in the record shows absolutely no relation between the medications containing PPA and Thomas's stroke and often directly contradicts her contentions. See Record Document 54, Depositions of Ajay Neilchand, M.D., Atta Nawabi, M.D., and Feng Xiao, M.D. In fact, in his deposition Dr. Neilchand, one of Thomas's treating physicians, opined that PPA could not have been the cause of her stroke. See Record Document 54, Deposition of Ajay Neilchand at 28.

Bayer has demonstrated the absence of a genuine issue of material fact, and it is therefore left to the plaintiffs to demonstrate the existence of specific facts that raise a genuine issue for trial. However, plaintiffs have not met this burden. They have filed no response to Bayer's motion for summary judgment and there is no other evidence in the record sufficient to demonstrate a genuine issue as to

causation. In addition, the plaintiffs have failed to submit a list of expert witnesses to testify at trial, despite the fact that the deadline for such submissions has passed. In a case such as this, involving complex medical issues not commonly known to the average person, the courts have held that expert medical testimony must be offered to prove causation. See Pfiffner v. Correa, 643 So.2d 1228, 1234-35 (La. 1994). Without such testimony, or any other evidence of causation, the plaintiffs in this case are unable to meet their burden.

Accordingly, Bayer's motion for summary judgment is **GRANTED**. A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 2nd day of August, 2005.

JUDGE TOM STAGG